## TODD v. ELLIOTT DEVELOPMENT CO.

No. 8788.

Court of Civil Appeals of Texas. San Antonio.

March 23, 1932.

Rehearing Denied April 20, 1932.

Osce Fristoe, of Harlingen, for appellant.

C. K. Richards, of Brownsville, for appellee.

FLY, C. J.

This suit was instituted by appellant against appellee to recover the sum of $2,591.31, based on a certain written contract executed by and between the parties. The cause was submitted to a jury on special issues, and upon the responses thereto judgment was rendered that appellant take nothing by his suit and appellee recover of appellant the sum of $362.64 on its cross-action.

The contract provided for the sale of trees, by appellant to appellee, at a price of $1 a piece, being citrus trees of a certain size and description. Appellant alleged a breach of the contract by appellee. The latter claimed fulfillment of the contract and asked for judgment for $500, which had been placed by it in the hands of appellant as earnest money to insure its performance of the contract.

There was a well-defined, clear-cut issue as to whether appellee had complied with the contract in going for the trees when notified that they were ready by appellant, and as to whether the loss by freezing should have fallen upon appellant or appellee. None of the issues raised by pleadings or testimony were noticed by the court, and none of the vital issues were submitted to the jury. The only issue submitted was as to whether appellee accepted all the trees in the nursery and the number thereof. The contract had a number of points in it and there was conflicting testimony in regard to delivery and other matters, and the court had no authority to take the essential differences between the parties from the jury and decide them himself.

Appellant specially pleaded breaches of the contract by appellee and swore to facts tending to sustain his allegations. None of these matters were submitted to the jury, and the issue submitted did not cover the allegations and testimony pertinent to it. Appellant testified, not only that the trees were to be delivered on June 1, but also during the next fall. The issue was confined to June 1.

Because the issues were not submitted to the jury by the court, but were decided by the court, the judgment is reversed, and the cause remanded.